UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MCQUEEN,

    Petitioner,

v.

MARK MCCULLICK,

    Respondent.

Case No. 17-11967
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING [12]
AND MOTION TO COMPEL [13]**

Mark McQueen currently has a petition for a writ of habeas corpus pending before the Court. (R. 1.) The Warden has answered (R. 7), docketed the Rule 5 materials (R. 8), and McQueen replied (R. 14). Now, McQueen asks the Court to hold an evidentiary hearing "if the Court determines [one] is necessary to properly dispose of the claims raised in this habeas proceeding." (R. 12, PageID.1677.) And he moves to compel the Warden to docket a set of "materials" he says are "relevant to the issues raised in this habeas corpus proceeding." (R. 13, PageID.1678.)

Turning first to the request for an evidentiary hearing, McQueen's motion is premature. On habeas corpus review, the findings and decisions of a state trial court are the "main event." *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Accordingly, the Antiterrorism and Effective Death Penalty Act (AEDPA) tightly restricts a federal court's ability to review a decision of a state trial court. *See Pinholster*, 563 U.S. at 181; 28 U.S.C. § 2254(d). And where AEDPA applies, this Court's review is limited solely to "the record that was before the state court that adjudicated" the habeas corpus claims "on the merits." *Pinholster*, 563 U.S. at 181. But the Court has yet to determine whether AEDPA applies to McQueen's claims. And until the Court determines whether

AEDPA applies to his claims, the Court cannot expand the record by way of an evidentiary hearing. *See Pinholster*, 563 U.S. at 185–86. So, for now, the Court must decline McQueen's invitation to hold an evidentiary hearing.

As for McQueen's motion to compel, the Court wishes to know more. In part, McQueen requests a transcript of a preliminary examination he says was held on March 24, 2010. Although the Rule 5 materials contain a transcript for an April 2010 preliminary examination (R. 8-4), there is nothing in the record about a March 24, 2010 preliminary examination. And according to Rule 5 of the Rules Governing Section 2254 Cases, the Warden must either provide all transcripts it deems relevant or, if a relevant transcript is unavailable, indicate why that particular transcript is unavailable. However, the Warden has not responded to McQueen's motion. So the Court does not know whether the Warden did not include a March 24 transcript because it deems the proceeding not relevant to McQueen's claims, or because the transcript is somehow unavailable. So, as required by Rule 5, the Court respectfully orders the Warden to, within 14 days, either explain why the March 24, 2010 transcript is not included or docket the transcript.

As for the remainder of his motion to compel, McQueen requests police reports and a recording of a phone call. At this point it is not clear whether the Court needs these materials and less clear whether McQueen is even entitled to them. So the Court will deny the portion of McQueen's motion compelling the production of police reports and a tape recording. Nevertheless, upon review of the record and pleadings, the Court may reconsider the requests, so the denial is without prejudice to refiling.

In sum, McQueen's motion for an evidentiary hearing (R. 12) is DENIED WITHOUT PREJUDICE. And his motion to compel is GRANTED to the extent he requests a transcript from

a March 24, 2010 preliminary examination and DENIED WITHOUT PREJUDICE to the extent he requests police reports and a tape recording.

SO ORDERED.

Dated: September 20, 2018

s/Laurie J. Michelson  
U. S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 20, 2018.
+

s/Teresa McGovern  
Case Manager Generalist

3